JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d.b.a. INTEGRATED SPORTS MEDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>RITA SOFIA RONDON, d.b.a. ENCANTO COLOMBIAN FOOD, *et al.*,<br><br>    Defendants. | CV 24-03559-TJH (KSx)<br><br>Order<br>and<br>Judgment |

    The Court has considered the motion for default judgment [dkt. # 15] and motion to dismiss [dkt. # 16] filed by Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media ["Innovative"], together with the moving papers.

    On April 30, 2024, Innovative filed this action. Innovative alleged that it owned

the exclusive United States commercial distribution rights to the *Colombia v. Chile Soccer Match* ["the Soccer Match"], which was broadcast on September 12, 2023, and that Defendant Rita Sofia Rondon displayed the Soccer Match at her restaurant, Encanto Colombian Food ["the Restaurant"], without a license. Specifically, Innovative alleged that Rondon is the owner and/or operator of the Restaurant, and that she personally displayed the Soccer Match at the Restaurant or directed her employees to do so.

Innovative alleged the following claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C. § 553; (3) Conversion; and (4) Violation of California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200, *et seq.* ["UCL"].

Rondon has never appeared in this action. On July 12, 2024, the Clerk of Court entered her default.

Innovative, now, moves for default judgment as to its conversion claim, and to dismiss its remaining claims.

**Default Judgment**

When reviewing a motion for default judgment, the Court must consider the following: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's substantive claim; (3) The sufficiency of the Complaint; (4) The sum of money at stake; (5) The possibility of a dispute concerning material facts; (6) Whether Rondon's default was due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied it will have no alternative recourse for its claims. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

Regarding the second and third factors, the Court must accept the factual allegations in the Complaint regarding liability as true. *Geddes v. United Fin. Grp.*,

559 F.2d 557, 560 (9th Cir. 1977). To prevail on a conversion claim, Innovative must allege the following: (1) That Innovative had the right to possess the property at issue; (2) Wrongful disposition of the property right by Rondon; and (3) Damages. *See Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981).

Here, Innovative alleged that it owned the exclusive distribution rights to the Soccer Match; that Rondon owned and/or operated the Restaurant; that Rondon personally intercepted and broadcasted the Soccer Match or permitted her employees to do so; and that Rondon did not have a license from Innovative. Finally, Innovative alleged that it suffered financial harm due to the unauthorized exhibition. Accordingly, Innovative successfully alleged a *prima facie* case for conversion.

Regarding the fourth factor, Innovative requested $1,000.00 in damages for its conversion claim. Innovative provided evidence that Rondon would have had to pay a licensing fee of $1,000.00 to lawfully display the Soccer Match. The value of the converted property is the proper measure of damages for a conversion claim. *See* Cal. Civ. Code § 3336.

Regarding the fifth factor, there is little possibility of a dispute concerning the material facts of this case. The Court must accept the factual allegations in the Complaint regarding liability as true, and Rondon failed to oppose this motion. *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, it is unlikely that Rondon's inaction was due to excusable neglect. She has never participated in this action.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of granting default judgment.

**Damages**

Innovative sought $1,000.00 in conversion damages. Generally, upon default, the facts alleged in the Complaint, except those facts relating to the amount of damages, are taken as true. *See Geddes*, 559 F.2d at 560. Innovative provided an affidavit from a private investigator, Erika Marshall, stating that she observed the Soccer Match

playing at the Restaurant on eight television screens. Marshall estimated that the capacity of the restaurant was 80 people. Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee schedule for the Soccer Match. For a venue with a capacity of 80 people, the licensing fee was $1,000.00. Consequently, Innovative has established $1,000.00 in conversion damages.

**Costs**

Innovative requested 14 days, post-judgment, to submit its bill of costs. Costs will be awarded by the Clerk of Court pursuant to 28 U.S.C. § 1920.

**Dismissal of Remaining Claims**

Fed. R. Civ. P. 15(a) is the appropriate vehicle to withdraw an individual claim. *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 697–88 (9th Cir. 2005). Under Fed. R. Civ. P. 15(a)(2), Innovative may amend the Complaint with the opposing party's consent or leave of Court. Here, Innovated moved to dismiss its claims arising under 47 U.S.C. § 605, 47 U.S.C. § 553, and California's UCL. There is no reason for the Court to deny leave. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion for default judgment be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡 only as to the conversion claim.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the remaining claims be, and hereby are, 𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡 without prejudice.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡, 𝔄𝔡𝔧𝔲𝔡𝔤𝔢𝔡, 𝔞𝔫𝔡 𝔇𝔢𝔠𝔯𝔢𝔢𝔡 that judgment be, and hereby is, 𝔈𝔫𝔱𝔢𝔯𝔢𝔡 in favor of Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media, and against Defendant Rita Sofia Rondon, d.b.a. Encanto Colombian

Food, in the amount of $1,000.00.

It is further Ordered that Innovative may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: January 23, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge